# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLIE E. WILLIAMSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 06-184-RAW-KEW ) |
| WALTER DINWIDDIE, Warden, | ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, attacks his conviction and sentence in Pittsburg County District Court Case Number CF-2003-431 for Endeavoring to Manufacture a Controlled Dangerous Substance (Methamphetamine). He sets forth the following grounds for relief:

I. The petitioner's residence was searched under an unconstitutionally prepared warrant, absent any probable cause, and in violation of his right against unreasonable searches, as is provided him by the Fourth Amendment.

II. The trial court erred in admitting testimony regarding the results of tests conducted upon the offered evidence, since there was not adequate foundation or chain of custody established, in violation of Oklahoma state law.

III. The petitioner was denied effective assistance of trial counsel.

IV. The petitioner was denied his right to a trial by a jury of his peers, when the prosecutor was allowed to use a peremptory challenge to exclude a minority juror from the jury.

V.  The sentence imposed in the petitioner's instant case was so disproportionate and excessive that it should "shock the consciousness [sic] of the court" and should, therefore, be modified to a realistic sentence.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

A.  Petitioner's brief in his direct appeal.

B.  The State's brief in petitioner's direct appeal.

C.  Summary Opinion affirming petitioner's Judgment and Sentence. *Williamson v. State*, No. F-2004-172 (Okla. Crim. App. Apr. 20, 2005).

D.  Transcripts of petitioner's preliminary hearing, jury trial, and sentencing in Pittsburg County District Court Case No. F-2003-431.

E.  The Original Record in Case No. F-2003-431.

## **Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> As to the "unreasonable application" standard, . . . only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254. . . . [A] decision is "objectively unreasonable" when most reasonable

2

> jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law. It is not enough that the decision is clearly wrong or that the reviewing court would have reached a contrary decision. . . . [T]he state court decision must be at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary as to be unreasonable. *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 1819 (2007).

*Sandoval v. Ulibarri*, 548 F.3d 902, 908 (10th Cir. 2008).

## Ground I: Fourth Amendment

Petitioner alleges the trial court erred in issuing a search warrant without probable cause. The warrant allegedly was based upon an informant's affidavit that contained only bare conclusions, and petitioner claims the informant was seeking to make a "deal" concerning her unrelated pending drug charges. The information for the warrant allegedly was supplied by Officer Inman, a law enforcement officer who subsequently was suspended from duty for perjury and forgery of evidence in another drug case. Petitioner asserts the court failed to assess the credibility of the hearsay information, and the evidence obtained by the warrant should have been suppressed, because the supporting affidavit was known to be false.

The record shows that the issue of the search warrant was litigated in the state district court at the preliminary hearing and in a two-part hearing during trial on petitioner's motion to suppress (P.H. Tr. 28-52; Tr. I 159-97; Tr. II 269-98; O.R. 69). On direct appeal the Oklahoma Court of Criminal Appeals (OCCA) denied relief on this claim:

> [I]t was not necessary to establish the reliability of the named informant in this case. When the information in the affidavit is provided by a named and known informant, as opposed to an undisclosed informant, it is not necessary to establish the reliability of the informant or the credibility of his information. *Sockey v. State*, 676 P.2d 269, 271 (Okla. Crim. App. 1984); *Caffey v. State*,

3

661 P.2d 897, 900 (Okla. Crim. App. 1983). *See also Matthews v. State*, 45 P.3d 907, 916 (Okla. Crim. App. 2002).

> Further [petitioner] has failed to meet his burden of establishing by a preponderance of the evidence his allegations of the affiant's perjury or reckless disregard of the truth in procuring the warrant. *Hooper v. State*, 947 P.2d 1090, 1097 (Okla. Crim. App. 1997); *Martin v. State*, 804 P.2d 1143, 1145 (Okla. Crim. App. 1991) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). The unadjudicated allegations of misconduct raised in an unrelated case against the affiant on the Application and Affidavit for a Search Warrant in this case were not relevant to a finding of probable cause to issue the warrant. We have reviewed the sufficiency of the supporting affidavit and find the affidavit contained sufficient information to enable the magistrate "to independently judge the affiant's conclusion that evidence of the crime is located where the affiant says it is." *Peninger v. State*, 811 P.2d 609, 611 (Okla. Crim. App. 1991). The information contained in the affidavit for the search warranted [sic] amounted to more than mere suspicion and supported the magistrate's determination of probable cause to believe illegal substances could be found inside [petitioner's] house. *See Bland v. State*, 4 P.3d 702, 717 (Okla. Crim. App. 2000); *Bryan v. State*, 935 P.2d 338, 353 (Okla. Crim. App. 1997).

*Williamson v. State*, No. F-2004-172, slip op. at 2-3 (Okla. Crim. App. Apr. 19, 2005).

Fourth Amendment exclusionary rule claims are not cognizable in federal habeas corpus proceedings if the petitioner had an opportunity for full and fair litigation of the claim in state court. *Stone v. Powell*, 418 U.S. 465, 494 (1976). Here, petitioner had the opportunity and exercised it fully. This ground for habeas relief fails.

**Ground II: Admissibility of Evidence**

Petitioner alleges in Ground II that the trial court erroneously admitted evidence, in violation of state law regarding chain of custody, that a methamphetamine lab was operating in his house. The OCCA denied relief, finding "the State established a sufficient chain of custody of the evidence seized from [petitioner's] house and any doubts as to the

4

circumstances surrounding the preservation of the evidence go to the weight of such evidence rather than its admissibility." *Williamson*, slip op. at 3 (citing *Davis v. State*, 792 P.2d 76, 82 (Okla. Crim. App. 1990).

Erroneous evidentiary rulings are not grounds for federal habeas relief, unless the rulings render the state proceedings so fundamentally unfair as to violate due process. *See Williamson v. Ward*, 110 F.3d 1508, 1522-23 (10th Cir. 1997).

> As a general matter, federal habeas corpus relief does not lie to review state law questions about the admissibility of evidence, *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), and federal courts may not interfere with state evidentiary rulings unless the rulings in question rendered "the trial so fundamentally unfair as to constitute a denial of federal constitutional rights," *Tucker v. Makowski*, 883 F.2d 877, 881 (10th Cir. 1989) (quotations and citations omitted).

*Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir.), *cert. denied*, 534 U.S. 1068 (2001).

Here, the OCCA interpreted state law and determined the chain of custody was sufficient to admit the evidence. Under the highly deferential standard of § 2254(d) for evaluating state-court rulings, the court finds there was no denial of due process in the admission of the contested evidence.

### Ground III: Ineffective Assistance of Trial Counsel

Petitioner asserts in Ground III that he was denied the effective assistance of trial counsel in three areas: (1) counsel failed to properly investigate the circumstances of petitioner's case and possible defenses before trial, (2) counsel failed to file a timely motion to suppress, and (3) counsel failed to object to a police officer's inadmissible identification testimony.

"There is a strong presumption that counsel provided effective assistance of counsel

5

and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

Using the *Strickland* standard, the OCCA found petitioner was not denied the effective assistance of counsel. *Williamson*, slip op. at 3.

> Despite trial counsel's failure to timely file a written motion to suppress, the trial court held an extensive hearing covering 2 days on the validity of the search warrant and in particular the impact, if any, the allegations against Officer Inman may have had. ... [Petitioner] has failed to show that the trial court did not fully consider the issue and has failed to show that if counsel had timely filed a written motion to suppress, the court's ruling on the issue would have been any different. Accordingly, [petitioner] has failed to meet the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 696 (1984).
>
> Further, [petitioner] has not shown what trial counsel could have done to further investigate and present the issue of Officer Inman's credibility. Defense counsel adequately raised the issue before the trial court, and the trial court thoroughly considered the issue. Trial counsel's performance in this instance was not deficient. As [petitioner] has failed to prove either of the *Strickland* required elements of deficient performance or prejudice, his claim of ineffective assistance of counsel is denied. *See Black v. State*, 21 P.3d 1047, 1071 (Okla. Crim. App. 2001).

*Williamson*, slip op. at 3-4.

After careful review the court finds the OCCA's determination of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court law, and the decision was not based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). This ground for habeas relief is meritless.

## Ground IV: Jury Composition

In Ground IV petitioner complains he was denied his right to a jury of his peers, when the prosecutor was allowed to use a peremptory challenge to exclude Mr. Curtis, an African-American, from the jury. The Equal Protection Clause is violated when a defendant is tried "before a jury from which members of his or her race have been excluded by the State's purposeful conduct." *Powers v. Ohio*, 499 U.S. 400, 404 (1991). While a defendant does not have the right to a jury composed of people of his race, he does have the right to have his jury chosen by nondiscriminatory criteria. *Id.* (citing *Strauder v. West Virginia*, 100 U.S. 303, 305 (1879)). A defendant must establish a prima facie case "by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose" in the selection of jurors. *Batson v. Kentucky*, 476 U.S. 79, 93-94 (1986) (citing *Washington v. Davis*, 426 U.S. 229, 239-42 (1976)).

The prosecutor offered the following explanation for his peremptory challenge to Mr. Curtis:

> Your Honor, the State's race-neutral reason, I guess how it's phrased, is that it's my understanding from talking to people in our office, that [Mr. Curtis] was seated as a potential juror over in the *Clark* case across the hall, and that he said that his son was in prison in California. And that seems like that may have been a drug--a drug charge, although I am not positive about that.

7

>       And the second thing was he was asking if he could give life in prison, and he said that that was crazy for a drug charge for that type of sentence.
>
>       And I know he didn't say those things here, I don't know if he was specifically asked, but that's my understanding of what he said previously.

(Tr. I 93).

Pittsburg County Deputy Sheriff John Graham testified that Mr. Curtis approached him in the courthouse the day before petitioner's trial began (Tr. II 300, 302). Mr. Curtis told Officer Graham that Curtis' son was in a California prison, and Curtis thought it was ridiculous for the district attorney to request life imprisonment in another drug case being tried in the courthouse (Tr. II 300-01). Officer Graham did not respond to Curtis' unsolicited comments (Tr. II 301).

The OCCA addressed this issue as follows:

> [A]lthough [petitioner] and prospective juror Curtis were of different races, *Batson v. Kentucky* applies in this case. *Powers v. Ohio*, 499 U.S. 400 (1991). The prosecutor gave a sufficiently race-neutral reason for his use of a peremptory challenge to excuse prospective juror Curtis. *See Turrentine v. State*, 965 P.2d 955, 964 (Okla. Crim. App. 1998) (citing *Batson*, 476 U.S. at 98), *cert. denied*, 525 U.S. 1057 (1998)). Further, the record shows the prosecutor's information was sufficiently accurate upon which to base his reason for removing Curtis from the panel.

*Williamson*, slip op. at 4.

The court has reviewed the record and concludes the OCCA's decision was consistent with federal law, pursuant to 28 U.S.C. § 2254(d). This habeas corpus claim also fails.

**Ground V: Excessive Sentence**

Finally, petitioner alleges his 30-year sentence should be modified, because it was so disproportionate and excessive that it should shock the conscience of the court. The OCCA

found "the sentence was not excessive as it was within the statutory limits and appropriate based on all the facts and circumstances of the case." *Williamson*, slip op. at 4-5 (citations omitted). The OCCA also rejected petitioner's proportionality analysis. *Id.* at 5 (citing *Rea v. State*, 34 P.3d 148 (Okla. Crim. App. 2001)).

"[T]he Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime." *Ewing v. California*, 538 U.S. 11, 21 (2003) (quoting *Rummel v. Estelle*, 445 U.S. 263, 271 (1980)). Only in the "exceedingly rare" and "extreme" case, however, will a non-capital sentence be so disproportionate to the offense for which it is imposed that it violates the Constitution. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). Although harsh, petitioner's sentence is not one of those exceedingly rare or extreme cases that stumbles over the gross disproportionality principle. The manufacture of methamphetamine is a serious crime, and his maximum sentence was life imprisonment (O.R. 48). The court, therefore, concludes that the sentence he received was not unconstitutional.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 28th day of April 2009.

_____
KIMBERLY E. WEST
**UNITED STATES MAGISTRATE JUDGE**